# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1318V

| | | |
|---|---|---|
| LINDSAY WALKER,<br>*next friend of R.W., a minor,* | * * * * | Chief Special Master Corcoran |
| Petitioner, | * * | Filed:  July 13, 2023 |
| v. | * * | |
| SECRETARY OF HEALTH AND<br>HUMAN SERVICES | * * * | |
| Respondent. | * * | |

*Bradley S. Freedberg*, Bradley S. Freedberg, P.C., Denver, CO, for Petitioner.

*Nina Ren*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION  GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS**[1]

On May 5, 2021, Lindsay Walker, on behalf of R.W., a minor child, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that R.W. suffered from Guillain-Barré syndrome ("GBS") as a result of R.W.'s November 5, 2019, receipt of the influenza ("flu"), Hepatitis A ("Hep. A"), and Hepatitis B ("Hep. B") vaccines. The parties stipulated to a sum to be paid Petitioner in settlement of the claim, and I issued a decision awarding Petitioner compensation. *See* Decision, dated July 12, 2023 (ECF No. 39).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated June 29, 2023 (ECF No. 35). This is Petitioner's first such request. Petitioner seeks an award of $62,719.90 in attorney's fees and costs ($62,291.00 in fees plus $428.90 in costs) for the work of attorneys Mr. Bradley Freedberg and Mr. Gurney Pearsall III, from February 2021 to the present date. ECF No. 35 at 2. Respondent reacted to the fees request on June 30, 2023. *See* Response, June 3, 2023 (ECF No. 36). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$62,668.65**.

## ANALYSIS

### I.  Attorney's Fees

Because Petitioner's claim was successful, the Act entitles him to an award of attorney's fees. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | 2021 | 2022 | 2023 |
|---|---|---|---|
| **Mr. Bradley Freedberg** | $455 | $480 | $515 |
| **Mr. Gurney Pearsall III** | $275 | $300 | $325 |

ECF No. 35 at 7–16.

Both attorneys representing Petitioner in this case practice in Denver, Colorado, which is deemed a forum-equivalent region. Accordingly, they are entitled to the rates established in *McCulloch*. *See Ward v. Sec'y of Health & Hum. Servs.*, No. 19-1621V, 2021 WL 3408511, at *2 (Fed. Cl. Spec. Mstr. June 30, 2021). However, some of the rates requested for Mr. Pearsall are inconsistent with what has previously been awarded for his time, in accordance with the Office of Special Masters' fee schedule.[3] *Comeau v. Sec'y of Health & Hum. Servs.*, No. 19-198V, 2021 WL 3053038, at *2 (Fed. Cl. Spec. Mstr. June 15, 2021) (awarding $270 in 2021). I thus find cause to slightly reduce the amount requested specific to Mr. Pearsall by $51.25,[4] although I accept the requested rates for his time for the two following years. This leaves a total of $62,239.75 in fees to be awarded (since I make no adjustment to any of the time devoted to the matter).

### III. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[3] OSM Attorneys' Forum Hourly Rate Fee Scheduling, https://www.uscfc.uscourts.gov/node/2914 (last visited July 12, 2023).

[4] Originally, Mr. Pearsall billed $275 per hour for 10.25 hours of work performed in 2021, which equated to $2,818.75. However, at the correct rate of $270 per hour for 10.25 hours, the new total for 2021 is $2,767.50. This leaves a difference of $51.25 to be subtracted from the fee total.

Petitioner seeks $428.90 in outstanding costs, including the cost of medical record retrieval and filing fee. ECF No. 35 at 6, 17–19. All requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$62,668.65,** reflecting $62,239.75 in attorney's fees and $428.90 in costs in the form of a check made jointly payable to Petitioner and her attorney Mr. Bradley Freedberg.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.