# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1318V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| LINDSAY WALKER, | * | Chief Special Master Corcoran |
| *next friend of R.W., a minor,* | * | |
| Petitioner, | * | Filed: December 8, 2023 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Bradley S. Freedberg*, Bradley S. Freedberg, P.C., Denver, CO, for Petitioner.

*Nina Ren*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART SUPPLEMENTAL FOR ATTORNEY'S FEES AND COSTS[1]

On May 5, 2021, Lindsay Walker, on behalf of R.W., a minor child, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that R.W. suffered from Guillain-Barré syndrome as a result of R.W.'s November 5, 2019, receipt of several covered vaccines. The parties stipulated to a sum to be paid Petitioner in settlement of the claim, and I issued a decision awarding Petitioner compensation. *See* Decision, dated July 12, 2023 (ECF No. 39).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner filed a motion for a final award of attorney's fees and costs – in two parts. The first part was filed in the summer. *See* Motion, dated June 29, 2023 (ECF No. 35). In it, Petitioner requested an award of $62,719.90 in attorney's fees and costs ($62,291.00 in fees plus $428.90 in costs) for the work of attorneys Bradley Freedberg and Gurney Pearsall III, from February 2021 to the date of filing. ECF No. 35 at 2. Respondent reacted to the first part of the fees request on June 30, 2023. *See* Response, June 3, 2023 (ECF No. 36). Respondent was satisfied that the statutory requirements for an attorney's fees and costs award were met in this case, but deferred the calculation of the amount to be awarded to my discretion Response. at 2–3. The requested amount was issued to Petitioner after judgment entered on the initial fees decision. (ECF No. 43).

Petitioner thereafter requested that the fees judgment be reopened to allow for recovery of supplemental costs for establishing a guardianship ($11,262.50) that were erroneously not requested in the previously-granted fees request. Supplemental Motion for Attorney Fees and Costs, filed October 18, 2023 (ECF NO. 48) (the "Supplemental Costs Motion"). Respondent did not oppose Petitioner's request, and deferred to my judgment. Response to Supplemental Costs Motion, filed November 2, 2023 (ECF No. 50) ("Response").

I acted favorably on the motion, vacating the fees judgment and reissuing the total sum in fees and costs requested. *See* Order Reopening Judgment, dated November 17, 2023 (ECF No. 51); Second Fees Decision, dated November 22, 2023 (ECF No. 52). However, the parties informed me afterward that the sum to be awarded subject to the reopened judgment had already been received by Petitioner – meaning my amended decision awarded more than Petitioner was requesting. I therefore withdrew that second fees decision (*see* Order, dated December 5, 2023 (ECF No. 53), and now reissue a final, single fees decision that (hopefully) resolves in total all fees and costs in this matter.

## ANALYSIS

### I.     Attorney's Fees

Because Petitioner's claim was successful, the Act entitles her to an award of attorney's fees. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs*., 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*,

461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | **2021** | **2022** | **2023** |
|---|---|---|---|
| **Mr. Bradley Freedberg** | $455 | $480 | $515 |
| **Mr. Gurney Pearsall III** | $275 | $300 | $325 |

ECF No. 35 at 7–16.

Both attorneys representing Petitioner in this case practice in Denver, Colorado, which is deemed a forum-equivalent region. Accordingly, they are entitled to the rates established in *McCulloch*. *See Ward v. Sec'y of Health & Hum. Servs.*, No. 19-1621V, 2021 WL 3408511, at *2 (Fed. Cl. Spec. Mstr. June 30, 2021). However, some of the rates requested for Mr. Pearsall are inconsistent with what has previously been awarded for his time, in accordance with the Office of Special Masters' fee schedule.[3] *Comeau v. Sec'y of Health & Hum. Servs.*, No. 19-198V, 2021 WL 3053038, at *2 (Fed. Cl. Spec. Mstr. June 15, 2021) (awarding $270 in 2021). I thus find cause to slightly reduce the amount requested specific to Mr. Pearsall by $51.25,[4] although I accept the requested rates for his time for the two following years. This leaves a total of $62,239.75 in fees

---

[3] OSM Attorneys' Forum Hourly Rate Fee Scheduling, https://www.uscfc.uscourts.gov/node/2914 (last visited July 12, 2023).

[4] Originally, Mr. Pearsall billed $275 per hour for 10.25 hours of work performed in 2021, which equated to $2,818.75. However, at the correct rate of $270 per hour for 10.25 hours, the new total for 2021 is $2,767.50. This leaves a difference of $51.25 to be subtracted from the fee total.

to be awarded (since I make no adjustment to any of the time devoted to the matter by these two attorneys – for work specific to the adjudication of this claim).

## II.     Calculation of Primary Litigation Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $428.90 in outstanding costs, including the cost of medical record retrieval and the filing fee. ECF No. 35 at 6, 17–19. All requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction.

## III.    Additional Costs for Guardianship Issue

Petitioner filed the Supplemental Costs Motion last month, when her counsel discovered that certain costs had not been requested in the initial fees motion. These costs are all associated with the establishment of a guardianship under Delaware law (the state in which Petitioner and R.W. now live), and include attorney's fees incurred by Mr. Freedberg, Mr. Pearsall, and the local counsel they obtained to assist with the guardianship issue. Mr. Freedberg requests an additional $7,725 fee, reflecting 15 additional hours at his rate of $515 per hour. Mr. Pearsall requests $1,787.50, for 5.5 hours of additional work at his rate of $325 per hour. Finally, counsel requests $1,750 to cover the retainer for the local Delaware attorney. Therefore, counsel requests a total of $11,262.50 in additional fees. Motion, filed October 18, 2023 at 3.

Establishing a guardianship has been determined a legitimate cost for a Vaccine Act claim, and therefore is reimbursable. *Barrett v. Sec'y of Health & Hum. Servs.*, No. 09-389V, 2014 WL 2505689 (Fed. Cl. Spec. Mstr. May 13, 2014). However, review of the invoices submitted with the Supplemental Costs Motion reveals that not all of the hours for which reimbursement is now sought were in fact related to the guardianship issue. For example, there are several time entries setting forth time billed by Mr. Freedberg *before* he became aware of the guardianship issue in his calculation of fees, based on his representation that he became aware of this issue in mid-September. Motion at 1. Therefore, I will not award fees for those entries before mid-September. Petitioner will only be reimbursed for 11 hours of time incurred by Mr. Freedberg after this date, at his rate of $515 per hour for 2023 work, for a total of $5,665.

Mr. Pearsall's time entries also include work done before the guardianship was discovered. *Id.* at 2. Therefore, he will only be awarded fees for the work performed on and after September 19, 2023. This will amount to 4.25 hours at this rate of $325 per hour, for a total of $1,381.25.

Counsel also requests the fees for local Delaware counsel, which amount to a flat fee of $1,750. According to this attorney's retainer agreement, this amount will cover his handling of the matter with one court appearance. Motion, Exhibit A, filed October 18, 2023 (ECF No. 48-1). This request is reasonable and will be granted in full.

Therefore, $8,769.25 in fees will be added to the other sums set forth above, for the time spent addressing the guardianship issue in this case.

### IV. Final Fees and Costs to be Awarded

As noted above, Petitioner has already received the sum of $62, 668.65 in connection with the now-reopened judgment from July 2023. Therefore, only an additional $8,769.25 in fees and costs will be awarded for the time spent addressing the guardianship issue in this case.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$8,769.25** in the form of a check made jointly payable to Petitioner and her attorney, Mr. Bradley Freedberg.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.